# Exhibit 1



# Service of Process Transmittal
12/02/2020
CT Log Number 538681214

**TO:** Tasha Burgess
Cigna Holding Company
900 COTTAGE GROVE RD, C38
BLOOMFIELD, CT 06002-2920

**RE:** **Process Served in Florida**

**FOR:** CIGNA HealthCare of Florida, Inc.  (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | PALM BEACH AUTISM SPECIALISTS, LLC, ETC. AND CONNECTING THE PUZZLE, LLC, ETC., PLTFS. vs. CIGNA HEALTHCARE OF FLORIDA, INC. AND NANCY JO RIOS, DFTS. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint |
| **COURT/AGENCY:** | Broward County Circuit Court, FL<br>Case # CACE20018447 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/02/2020 at 03:17 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service of this summons on Defendants exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | George W. Wickhorst, III<br>LAW OFFICES OF GEORGE W. WICHORST, P.A.<br>201 S. Biscayne Boulevard, 28th Floor<br>Miami, FL 33131<br>305-728-2181 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/02/2020, Expected Purge Date: 12/07/2020<br><br>Image SOP<br><br>Email Notification,  Incoming Legal  LegalandPublicAffairs-IncomingLegal@cigna.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>155 Federal St Ste 700<br>Boston, MA 02110-1727 |
| **For Questions:** | 800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

Page 1 of  1 / NK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Dec 2, 2020

**Server Name:** CHRISTOPHER YEOMAN

| Entity Served | CIGNA HEALTHCARE OF FLORIDA, INC. |
| --- | --- |
| Agent Name | CT CORPORATION SYSTEM |
| Case Number | CACE-20-018447 |
| Jurisdiction | FL |



Filing # 116283851 E-Filed 11/06/2020 01:09:55 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

PALM BEACH AUTISM SPECIALISTS, LLC,
a Florida limited liability company, and
CONNECTING THE PUZZLE, LLC,
a Florida limited liability company,

CASE NO.: CACE-20-018447

        Plaintiffs,

v.

CIGNA HEALTHCARE OF FLORIDA, INC.
a Florida Corporation, and NANCY
JO RIOS

Date: 12/2/2020
Time: 1:55pm
Server: Cy
ID #: 262

        Defendant.
_____/

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, in this action on Defendant, CIGNA HEALTHCARE OF FLORIDA, INC. via its registered agent who address is: CT CORPORATION SYSTEM, 1200 S. Pine Island Road, Plantation, Florida 33324.

    The Defendant are required to serve written defenses to the Complaint on George W. Wickhorst, Esq., Plaintiff's attorney, whose address is **The Law Offices of George W. Wickhorst, P.A.**, 201 S. Biscayne Blvd., 28th Floor, Miami, Florida 33031, within **twenty (20) days** after service of this summons on Defendants exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorneys or immediately thereafter. If the Defendants fails to do so, a default will be entered against the Defendants for the relief demanded in the Complaint.

Dated: NOV 10 2020

BRENDA D. FORMAN,
As Clerk of the Court

By: _____
As Deputy Clerk

BRENDA D. FORMAN

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 11/06/2020 01:09:52 PM.****

Filing # 116126234 E-Filed 11/04/2020 11:36:53 AM

### FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

#### I.   CASE STYLE

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

Palm Beach Autism Specialist, LLC, Connecting the Puzzle, LLC
Plaintiff

Case # _____
Judge _____

vs.

Cigna Healthcare of Florida, Inc., Nancy Jo Rios
Defendant

#### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001 - $50,000
- ☐ $50,001 - $75,000
- ☐ $75,001 - $100,000
- ☒ over $100,000.00

#### III.   TYPE OF CASE   
(If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

## CIRCUIT CIVIL

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☐ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☐ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

    **IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

    **V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

    4

    **VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

    **VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

    **VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ George W. Wickhorst      Fla. Bar # 488259
    Attorney or party                    (Bar # if attorney)

George W. Wickhorst      11/04/2020
(type or print name)          Date

Filing # 116126234 E-Filed 11/04/2020 11:36:53 AM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:

PALM BEACH AUTISM SPECIALISTS, LLC,
a Florida limited liability company, and
CONNECTING THE PUZZLE, LLC,
a Florida limited liability company,

    Plaintiffs,

v.

CIGNA HEALTHCARE OF FLORIDA, INC.
a Florida Corporation, and NANCY
JO RIOS

    Defendant.

_____/

## COMPLAINT

Plaintiffs, PALM BEACH AUTISM SPECIALISTS, LLC and CONNECTING THE PUZZLE, LLC, by and through undersigned counsel, brings this action and sues Defendant, CIGNA HEALTHCARE OF FLORIDA, INC and NANCY JO RIOS and states:

## JURISDICTION

1. This is an action for damages within the jurisdiction limits of this Court exclusive of interest, attorney's fees and costs.

2. Plaintiff, PALM BEACH AUTISM SPECIALISTS, LLC ("Palm Beach") is a Florida limited liability company with its principal place of business in Palm Beach County, Florida.

3. Plaintiff, CONNECTING THE PUZZLE, LLC, ("CTP") is a Florida limited liability company with its principal place of business in Broward County, Florida.

4. Defendant, CIGNA HEALTHCARE OF FLORIDA, INC.INSURANCE COMPANY ("Cigna") is a Florida Corporation.

5. Defendant, NANCY JO RIOS, is a resident of Connecticut.

6. Venue is proper in Miami-Dade County, Florida pursuant to Fla. Stat. 47.011 and Fla. Stat. 47.051.

7. All conditions precedent to Defendant's liability have occurred, been performed, been excused, or been waived.

## GENERAL ALLEGATIONS

8. Palm Beach and CTP provide therapeutic services to special needs children through its rendering providers. Plaintiffs rendered such services to the children of Cigna insureds and/or insureds of plans for which Cigna serves as a third-party administrator.

9. Palm Beach provided services to minor children N.N. and C.H. both of whom are covered dependents of Cigna members/insureds.

10. CTP provided service to minor children J.K. and M.K. (siblings); and M.B. all of which are covered dependents of Cigna members/insureds.

11. CTP provided service to minor children M.S. and A.S. (siblings) who are covered by a self-funded plan for which Cigna serves a third-party administrator of claims.1

---

1 The minor children referenced here are collectively referred to through this complaint as

12. The rendering providers for Palm Beach and CTP have been providing services to each of the foregoing Children for years. The claims for treatment rendered to these Children were submitted to Cigna and historically approved and paid without issue.

13. However, Cigna stopped paying claims for these children in or about August 0f 2020. Initially, Plaintiffs were given no explanation as to why claims were no longer being paid. In fact, Cigna's claims portal submission system – even to this day - authorized and approved payment for the claims. It is

14. Ultimately Plaintiffs would come to learn that the denial of payment for services from Cigna was part of a systemic effort by Cigna to force its members/insureds to seek treatment with "in-network" providers whose rates for services are much lower.

15. In its effort to force its members/insureds to seek treatment with its in-network providers, Cigna and its agent, Defendant Nancy Jo Rios ("Rios"), began contacting its member/insureds and defaming Plaintiffs by telling the members/insureds that:

    a. Plaintiffs billing practices are fraudulent;

    b. Plaintiffs and its providers are the subject of an on-going criminal investigation;

    c. Plaintiffs and its providers "were being prosecuted criminally for fraudulent billing practices."; and

    d. Cigna had referred Plaintiffs and its providers to the State for criminal

---

"Children."

prosecution.

Such statements are false.

16. Cigna and Defendant Rios affirmatively represented to its insureds/members that they could no longer treat with Plaintiffs and that they must seek treatment with an in-network provider even though there are no such restrictions in the member/insureds coverage documents.

17. Cigna's efforts to force its' insures/members to use in-network providers is particularly appalling given that the chosen providers – Plaintiffs – have a long standing and successful history of treating the insured/members special needs children. Stated bluntly, Cigna has put its own financial interest and drive for profits above the needs of its most vulnerable insureds/members.

18. Plaintiffs have provided all required information necessary for Cigna to adjudicate the pending claims but Cigna continues to refuse payment under the pretext that it is missing information and/or that Plaintiffs have not actually provided the services it billed for. To date, Cigna owes approximately $775,000 to Plaintiffs for services rendered.

## COUNT I – BREACH OF THIRD-PARTY BENEFICIARY CONTRACT

19. Plaintiffs reallege the allegations of paragraphs 1-18 above as though set forth fully herein.

20. At all times material, the Children (except for M.S. and A.S.) were covered dependents of Cigna members/insureds which policies provided for the payment of

services rendered by out-of-network providers like Plaintiffs.

21. The clear and manifest intent of these insurance policies is to primarily or directly benefit providers like Plaintiffs.

22. Plaintiffs have made demand for payment for services provided to these Children under the various plans in accord with their terms, but Cigna has refused or failed to pay for such service.

23. Cigna's failure to pay for the service rendered is a breach of the insurance contract.

24. Plaintiffs have been damaged by Cigna's breach of the insurance contract.

WHEREFORE, Plaintiffs, PALM BEACH AUTISM SPECIALISTS, LLC and CONNECTING THE PUZZLE, LLC pray for a judgment awarding them compensatory and/or consequential along with pre and post judgment interest and awarding its' costs and attorney's fees pursuant to Fla. Stat. §627.428.

## COUNT II – DEFAMATION
### (Against Cigna)

25. CTP realleges the allegations of paragraphs 1-18 above as though set forth fully herein.

26. CTP was and is a company of good name and reputation and enjoyed esteem and good opinion among its clients, peers, profession, and others who know it.

27. Cigna knew of the good name and reputation of CTP and its business. Nevertheless, Cigna uttered false, scandalous, and defamatory statements concerning CTP with the intent to injure CTP.

28. Cigna knew or should have known such statements were false when made. Such statements were made by Cigna with reckless disregard for the truth and/or intentionally with malice and with intent to injure CTP.

WHEREFORE, Plaintiff, CONNECTING THE PUZZLE, LLC demands judgment against Defendant, Cigna for all damages provided by law together with pre and post judgment interest and costs

### COUNT III – DEFAMATION
(Against Nancy Jo Rios)

29. CTP realleges the allegations of paragraphs 1-18 above as though set forth fully herein.

30. CTP was and is a company of good name and reputation and enjoyed esteem and good opinion among its clients, peers, profession, and others who know it.

31. Rios knew of the good name and reputation of CTP and its business. Nevertheless, Rios uttered false, scandalous, and defamatory statements concerning CTP with the intent to injure CTP.

32. Rios knew or should have known such statements were false when made. Such statements were made by Cigna with reckless disregard for the truth and/or intentionally with malice and with intent to injure CTP.

33. Upon information and belief, when Rios uttered such statements she was acting outside the scope of her agency with Cigna and without Cigna's knowledge or permission.

WHEREFORE, Plaintiff, CONNECTING THE PUZZLE, LLC demands judgment

against Defendant. Rios for all damages provided by law together with pre and post judgment interest and costs

### COUTN IV – TORTIOUS INTERFERENCE
### (Against Cigna)

34. CTP realleges the allegations of paragraphs 1-18 above as though set forth fully herein.

35. At all times material, CTP had a relationship with its patients - minor children M.S. and A.S. – visa vie a self-funded insurance plan of the employer of the patients' guardian/parent.

36. Defendant Cigna was aware of that relationship and the corresponding obligations of the employer to CTP pursuant to that business relationship and the employer's self-funded insurance plan.

37. Cigna intentionally and without justification interfered with the relationship between CTP and its patients by directing the Employer not to pay for treatment and by expressly stating to the parents of the patients that they could no longer use CTP as a provider and MUST use an in-network provider.

38. Cigna's interference was a substantial cause of the Employer not paying for the patients' treatment with CTP.

39. CTP has been damaged by Cigna's intentional and unjustified interference with its relationship with its patients.

WHEREFORE, Plaintiff, CONNECTING THE PUZZLE, LLC demands judgment against Cigna for actual, consequential, and compensatory damages. and for such other and further relief as the Court deems just and proper.

### TRIAL BY JURY

Plaintiffs demands trial by jury on all issues triable.

Dated: November 4, 2020.

                LAW OFFICES OF GEORGE W. WICHORST, P.A.
                201 S. Biscayne Boulevard, 28th Floor
                Miami, Florida 33131
                Telephone: (305)728-2181
                Email: George@gwwlawfirm.com
                Secondary: georgewickhorst3@gmail.com

                BY:   George W. Wickhorst, III
                       GEORGE W. WICKHORST, III
                       Florida Bar No.: 488259